DA 13-0166

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2013 MT 340N

MATTHEW DEAN YOUNG,

      Petitioner and Appellant,

  v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DV 11-1138
Honorable Karen Townsend, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Julio K. Morales, Matthew S. Sonnichesen, Morales Law Office, PC;
Missoula, Montana

      For Appellee:

            Timothy C. Fox, Montana Attorney General, Micheal S. Wellenstein,
Assistant Attorney General; Helena, Montana

            Fred Van Valkenburg, Missoula County Attorney, Suzy Boylan, Deputy
County Attorney; Missoula, Montana

                    Submitted on Briefs:  October 23, 2013
                                Decided:  November 12, 2013

Filed:

_____

                       Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant Matthew Dean Young (Young) appeals from the memorandum and order of the Fourth Judicial District, Missoula County, that denied as time-barred Young's amended second petition for post-conviction relief and further determined that Young had failed to present newly discovered evidence to overcome the time bar. We affirm.

¶3 The State of Montana (State) charged Young with four counts of felony sexual assault on March 12, 2001. Private counsel represented Young. Young asked the District Court to appoint a psychiatrist, at the State's expense, to report on Young's mental condition as it related to Young's ability to form the necessary mental state or element required for each of the crimes charged. The District Court denied the expenditure due to the fact that the Public Defender's Office did not represent Young. Young then entered a guilty plea pursuant to a plea agreement with the State.

¶4 The District Court sentenced Young on October 24, 2001. The District Court considered voluminous evidence at the sentencing hearing. Young's counsel had presented the District Court with two omnibus hearing memoranda. Young's counsel raised no issue with Young's ability or fitness to proceed in the first memorandum. Young's counsel

indicated in the second memorandum that Young intended to pursue the affirmative defense of mental disease or defect.

¶5 Young also had filed a plea of guilty and a waiver of rights that stated "I am not suffering from any emotional or mental disability which makes me unsure about what I am doing by pleading guilty." The District Court also considered a 2001 psychological evaluation of Young and follow-up recommendations. The District Court further evaluated the pre-sentence investigation report and its attendant psychological evaluation. The District Court lastly heard from Young about his responsibility for the crime, his remorse, and his desire to seek further treatment.

¶6 The District Court determined that Young had made the conscious choice to abuse his victims. The District Court sentenced Young to four 75-year sentences to run concurrently. Young did not appeal his conviction or sentence.

¶7 Young filed a petition for post-conviction relief on December 23, 2002, in which he alleged ineffective assistance of counsel in light of the plea agreement. Young claimed that his counsel had led him to believe that the District Court would not impose the lengthy sentence that the plea agreement suggested. Young further claimed that his counsel had performed ineffectively by failing to object to the probation officer's testimony concerning Young's prior psychological treatment. The District Court denied Young's petition. Young did not appeal that denial.

¶8 Young remained incarcerated at the Montana State Prison. Young's counsel in 2005 requested that clinical psychologist Dr. George Athey perform a psychological evaluation of

3

Young. Dr. Athey evaluated Young in early December 2005. Dr. Athey discussed the results of the 2005 evaluation with Young's counsel. Young's counsel did not request a full report as a result of that discussion. Young took no further action on the 2005 evaluation at that time.

¶9 Young filed a second petition for post-conviction relief on September 1, 2011. Young claimed that he had been incompetent when he entered his guilty plea in 2001, and that the District Court had violated his right to due process by not ordering a competency evaluation on its own. Young based his claims on a January 11, 2011, report from Dr. Athey. Dr. Athey's 2011 report summarized and aggregated prior clinicians' evaluations of Young. The report summarized the 2001 psychosexual evaluation that had been before the District Court at sentencing. The report further summarized Dr. Athey's 2005 mental health evaluation, and a separate 1991 mental health evaluation. Young amended his second petition for post-conviction relief on January 27, 2012, to include further documentation.

¶10 The District Court concluded that Young's petition had been filed out of time under § 46-21-101, MCA. The District Court further decided that it had to consider the merits of Young's claim because it raised the "quasi-jurisdictional matter" of Young's competency. The District Court concluded that Young's petition failed to unearth any "newly-discovered evidence" to show more than a "conclusory allegation" that Young might have been incompetent or unfit to stand trial. The District Court further concluded that Dr. Athey's report could not be considered newly discovered evidence when Dr. Athey had based the

4

2011 mental health evaluation primarily on the 2005 mental health evaluation. The District Court denied Young's petition. Young appeals.

¶11     We review for clear error a district court's findings of fact in disposition of a petition for post-conviction relief. *State v. Beach* (*Beach II*), 2013 MT 130, ¶ 8, 370 Mont. 163, 302 P.3d 47. We review for correctness a district court's conclusions of law in disposition of a petition for post-conviction relief. *Beach II*, ¶ 8. We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2006, that provide for memorandum opinions.

¶12     We agree with the District Court that Young's decision to wait until 2011—six years after publication—to act upon the 2005 mental health evaluation means that it cannot constitute newly discovered evidence. The 2005 mental health evaluation alerted Young that a further evaluation might be needed. Young additionally fails to address how further evaluation of his mental health in 2011, could have reflected on his entry of guilty pleas in 2001. We agree with the District Court that, in light of what was known to the trial court at the time, its failure *sua sponte* to make further inquiry into Young's competency did not violate his constitutional rights. It is manifest on the face of the briefs and the record before us that substantial evidence in the record supports the District Court's findings and that the District Court correctly applied the law to these findings.

¶13     Affirmed.

/S/ BRIAN MORRIS

We Concur:

5

/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ PATRICIA COTTER
/S/ JIM RICE